# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLA THORNSBURY, | : | |
| Plaintiff, | : | Case No. 3:14cv00165 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| DEPUTY BRIAN CROWE, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Carla Thornsbury brings this case asserting that she was arrested without probable cause and with excessive force in violation of her rights under the United States Constitution.  She brings these and other constitutional claims under 42 U.S.C. §1983 in one cause of action subdivided into seven branches.  She also raises a second cause of action with one claim of malicious prosecution.  Her complaint does not specify whether the second cause of action is raised under Ohio law or §1983.

The case is presently pending upon Defendants Montgomery County Sheriff Deputy Brian Crowe and Sheriff Phillip Plummer's Motion for Judgment on the Pleadings as to Thornsbury's Second Cause of Action (Doc. #8), Thornsbury's Response (Doc. #12), Defendants' Reply (Doc. #14), Defendants' Joint Motion to Bifurcate Claims

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

and Stay Deficient Policy Claim (Doc. #11), and the record as a whole.

Thornsbury's complaint alleges that on August 29, 2012, Defendant Crowe kicked in the front door of her house and ordered her outside.  Once she was outside, she asked Defendant Crowe why police were surrounding her house.  Defendant Crowe allegedly slammed Thornsbury to the ground.

Thornsbury explains that she was charged with interfering with a lawful arrest under Ohio Rev. Code §2921.33(B).  Ohio law characterizes this charge as "resisting arrest," a first-degree misdemeanor.  *See* §§2921.33(B), (D).  Thornsbury alleges, "On April 4, 2013, the prosecutor dismissed Ms. Thornsbury's charge ....  The prosecutor never brought any other charges against Ms. Thornsbury related to this incident."  (Doc. #2, PageID at 11).

Defendants view Thornsbury's claim of malicious prosecution as raised under Ohio law.  This follows logically from the fact that she did not raise it as one of the federal constitutional claims set forth in the branches of her §1983 (first) cause of action. Operating from this state-law viewpoint, Defendants contend that Thornsbury's malicious-prosecution claim is time barred by Ohio's one-year statute of limitations on intentional torts.  *See* Ohio Rev. Code §2305.11.

Thornsbury concurs that her claim of malicious prosecution should be dismissed.  She maintains, however, that the dismissal should be without prejudice.  She reasons that the charge of resisting arrest was dismissed without prejudice by state prosecutors

and, consequently, the charge may still be brought against her.  She bases this argument

on *Mann v. Genoa Twp.*, unpub. op., 2002 WL 22112 (5th App Dist., Feb. 11, 2002).

    In *Mann*, a criminal charge of theft in office was brought by indictment against a

public employee (Mann).  Five months later, in May 1999, the prosecution filed a motion

to dismiss the charge without prejudice, which the trial court granted.  2002 WL 22112, at

*2.  Mann later filed a civil complaint against Genoa Township (and others) raising, in

part, a claim of malicious prosecution based on the events related to the previously

dismissed charge of theft in office.

    One essential element of a claim of malicious prosecution under Ohio law requires

plaintiffs to show that the prior criminal case was "terminated in favor of the accused."

*Mann*, 2002 WL 22112, at *2 (citing *Ash v. Ash*, 72 Ohio St.3d 520 522 (1995)).  In

*Mann*, the Ohio Court of Appeals determined that the previous dismissal without

prejudice of Mann's theft-in-office charge did not constitute a ruling in her favor because

the possibility remained that the prosecution could again re-submit the charge against

Mann.  Given this possibility, the Ohio Court of Appeals found the trial court's grant of

summary judgment against Mann to be appropriate.  *Id*. at *4.  Yet, the Ohio Court of

Appeals also found that Mann's malicious-prosecution claim was not yet ripe because the

charge might still be brought against her.  This led the Ohio Court of Appeals to dismiss

without prejudice Mann's claim of malicious prosecution.  *Id*.

    Defendants contend that the dismissal without prejudice in *Mann* is distinguishable

from the present case.  As to Thornsbury's charge, Defendants maintain:

> [T]he Vandalia Municipal Court – upon the unilateral recommendation of the prosecutor – dismissed [Thornsbury's] misdemeanor charge, and there was no indication that the prosecutor intended to pursue the charges any further.  Plaintiff has never alleged any such indication and has conceded that the "prosecution never brought any other charges against Ms. Thornsbury."

(Doc. #14, PageID at 102) (quoting, in part, Doc. #2, ¶33).

Defendants overlook that there is no reasonable way for Thornsbury to know whether or not the prosecution intends to bring the same resisting-arrest charge against her in the future.  It was, therefore, prudent of her not to specifically plead that the prosecutor intended to do so.  Similarly, her allegation that the prosecution has never brought any other charges does not preclude the conclusion that he or she might do so in the future.  *Cf.* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

The parties' present dispute points toward a single historical/factual question and answer:  Did the municipal court dismiss the resisting-arrest charge with or without prejudice?  Although the answer has legal effects in this case, it is primarily a factual answer that can be found in the historical record of the resisting-arrest case brought against Thornsbury.  The factual answer is therefore found outside the pleadings, a conclusion consistent with *Mann*, where the dismissal without prejudice occurred at the summary-judgment stage.  *Mann*, 2002 WL 22112, at *2.

4

In another case Defendants cite – *Smith v. Montgomery County Sheriff's Office*, No. 3:10cv448, 2012 U.S. Dist LEXIS, at *43 (S.D. Ohio Oct. 9. 2012) – Magistrate Judge Merz dismissed a claim of malicious prosecution as time barred. The dismissal was with prejudice but occurred, as in *Mann*, at the summary-judgment stage where Judge Merz found, "The <u>evidence shows</u> that the state dismissed, without prejudice, the resisting arrest charges against Mr. Smith on July 29, 2009. As noted, Mr. Smith brought the instant action on December 2012, long past the one year statute of limitations ...." *Id.* (emphasis added). Because the dismissal in *Smith* occurred at the summary-judgment stage, and was dictated by what the evidence showed, it does not assist Defendants in showing at the present stage of the litigation that Thornsbury's claim of malicious prosecution under Ohio law is time barred.

Lastly, construing the Complaint in Thornsbury's favor, the mandated approach for a Motion for Judgment on the Pleadings, *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *see Vandenheede v. Vecchio*, 541 Fed. App'x 577, 578-79 (6th Cir. 2013), there remains the potential that a malicious-prosecution claim under §1983 might exist and effectively negate the parties' present dispute. *See Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003) (constitutional claim of malicious prosecution is cognizable under the Fourth Amendment). Because §1983 claims brought in this Court are subject to a two-year statute of limitations, *Browning v. Pendleton*, 869 F2d 989, 991 (6th Cir. 1989), it is premature to dismiss Thornsbury's malicious-

prosecution claim without permitting her an opportunity to amend her Complaint to clarify the legal foundation of her claim.

Accordingly, in light of the parties' agreement, Plaintiff's claim of malicious prosecution under Oho law is subject to dismissal.  Yet, in light of the above reasons, Plaintiff's claim of malicious prosecution should be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion For Judgment On The Pleadings As To Plaintiff's Second Cause of Action (Doc. #8) be GRANTED, in part, and DENIED in part; Plaintiff's claim of malicious prosecution under Ohio law be DISMISSED without prejudice to renewal;

2. Plaintiff be given 14 days to file a Motion to Amend her Complaint, in the event she seeks to do so;[2] and,

3. Defendants' Joint Motion to Bifurcate Claims and Stay Deficient Policy Claim (Doc. #11) be GRANTED as unopposed.

January 13, 2015

          s/Sharon L. Ovington
           Sharon L. Ovington
      Chief United States Magistrate Judge

---

[2] This is not intended as a comment upon whether or not she should do so.

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).